**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 24-45-DLB-CJS**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                             **MEMORANDUM OPINION AND ORDER**

**CORA HARRIS**                                                                  **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon Defendant Cora Harris's Motion to Dismiss the Indictment.  (Doc. # 24).  The United States having filed its Response (Doc. # 26), Defendant having filed her Reply (Doc. # 27), the Motion is now ripe for review.  For the following reasons, Defendant's Motion is **denied**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2024, Defendant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. # 1).  Defendant's criminal history includes a prior conviction for felonious assault in Ohio.  (Doc. # 26-2).

Defendant now moves to dismiss the sole charge in the Indictment, arguing that it violates the Second Amendment both facially and as applied to her.  (Doc. # 24).  Although she never states as much, Defendant appears to argue that § 922(g)(1) is unconstitutional considering the Supreme Court's recent decision in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).[1]  (*See id.*).  Defendant acknowledges that

---

[1]    For reference, in *Bruen* the Supreme Court held that the Second Amendment protects "an individual's right to carry a handgun for self-defense outside the home."  *Bruen*, 597 U.S. at 10.

in a recent post-*Bruen* decision, the Sixth Circuit affirmed § 922(g)(1)'s constitutionality

on its face and as applied to dangerous people.  (*See id.* at 1).  But Defendant notes that

"a [post-*Bruen*] facial challenge has not been decided by the Supreme Court[.]"  (*Id.* at 2).

Regarding her as-applied challenge, Defendant argues that requiring her to "prove that

her conviction[ ] [is] not dangerous is an improper shifting of the burden of proof."  (*Id.* at

3).  Defendant relatedly argues that a finding that she is "dangerous should be [a] beyond

a reasonable doubt decision by a jury of [her] peers."  (*Id.*).  Additionally, Defendant notes

that she was granted pretrial release and appears to argue that this fact shows that she

is not dangerous.  (*Id.* at 4-5).  Defendant finally argues that the Indictment failed to state

an offense because it "did not include the specifics of [her] prior felony and whether it was

dangerous."  (*Id.* at 5).  The United States contests Defendant's arguments in its

Response, and Defendant reiterates her as-applied challenge in her Reply.  (Docs. # 26

and 27).

## II.    ANALYSIS

Defendant raises both facial and as-applied challenges to her § 922(g)(1) charge.

(Doc. # 24).  The Court addresses each of these challenge in turn.

### A.    Defendant's Facial Challenge

Defendant first raises a facial challenge to her § 922(g)(1) charge.  (Doc. # 24 at

1-2).  This challenge lacks merit.  As indicated above, the Sixth Circuit recently held in a

post-*Bruen* decision that § 922(g)(1) is constitutional on its face.  *United States v.*

---

The Supreme Court also established a new, two-step approach to assess the constitutionality
of a law that restricts the right to bear arms.  *Id.* at 24.  First, "[w]hen the Second Amendment's plain
text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.*
Second, when a regulation burdens such conduct, "[t]he government must then justify its
regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm
regulation."  *Id.*

*Williams*, 113 F.4th 637, 662 (6th Cir. 2024). *Williams* controls her facial challenge and is binding on this Court. And although the Supreme Court has not specifically held that § 922(g)(1) is constitutional post-*Bruen*, it has repeatedly indicated that the statute remains constitutional.

In *Bruen*, the Supreme Court acknowledged several times that the Second Amendment applies to "law-abiding" citizens. *See Bruen*, 597 U.S. at 9, 15, 26, 29, 30, 31, 38, 60, 70, and 71. *Bruen* also affirmed *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), noting that these cases "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding* citizen to possess a handgun in the home for self-defense" and that individuals have a right to possess a handgun for self-defense outside the home "consistent with *Heller* and *McDonald*." *Id.* at 8-10 (emphasis added).

In *Heller,* the Supreme Court specifically noted that the opinion did not disturb "longstanding prohibitions on the possession of firearms by felons" and *McDonald* repeated that assurance. *Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at 786. And in a recent post-*Bruen* decision, the Supreme Court reiterated that "prohibitions . . . on the possession of firearms by felons . . . are presumptively lawful." *United States v. Rahimi*, 602 U.S. 680, 699 (2024) (internal quotation marks omitted). Although these statements could be characterized as dicta, lower courts are "obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale." *Am. Civ. Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 447 (6th Cir. 2010) (quoting *United States v. Marlow*, 278 F.3d 581, 588 n.7 (6th Cir. 2002)).

For these reasons, Defendant's facial challenge to her § 922(g)(1) charge lacks merit and is therefore **rejected**.

### B.    Defendant's As-Applied Challenge

The Court now turns to Defendant's as-applied challenge.  As noted above, Defendant has a prior conviction for felonious assault in Ohio.  (Doc. # 26-2).  According to the police report, Defendant's prior offense involved her shooting her victim in the face after an argument.  (Doc. # 26-3 at 1).  In *Williams*, the Sixth Circuit held that § 922(g)(1) remains constitutional "as applied to dangerous people."  *Williams*, 113 F.4th at 662-63. The court further held that "[a] person convicted of a crime is 'dangerous,' and can thus be disarmed, if [she] has committed . . . a crime 'against the body of another human being,' including . . . assault[.]"  *Id.* at 663.  Thus, under a straightforward application of *Williams*, § 922(g)(1) is constitutional as applied to Defendant.

Defendant proffers three arguments to the contrary in her Motion, each of which lack merit.  First, Defendant argues that requiring her to "prove that her conviction[ ] [is] not dangerous is an improper shifting of the burden of proof."  (Doc. # 24 at 3).  Defendant relatedly argues that a finding that she is "dangerous should be [a] beyond a reasonable doubt decision by a jury of [her] peers."  (*Id.*).  But in *Williams*, the Sixth Circuit held that "in an as-applied challenge to § 922(g)(1), the burden rests on" the defendant to show that she is "not dangerous."  *Williams*, 113 F.4th at 662.  The court further indicated that a dangerousness finding may be made by the district court itself.  *See id.* at 660 ("District courts are well-versed in addressing [§ 922(g)(1)] challenges[,] . . . [and] [w]e are therefore confident that the dangerousness inquiry is workable for resolving as-applied challenges to § 922(g)(1)."); *see also id.* ("Courts may consider any evidence of past convictions in

4

the record . . . when assessing a defendant's dangerousness."). The Sixth Circuit also held that "a court can accept prior convictions without an evidentiary hearing or jury fact finding." *Id.* at 662 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228-39 (1998)).

According to Defendant, the recent Supreme Court case of *Erlinger v. United States* renders *Almendarez-Torres* "less persuasive." (Doc. # 24 at 3) (citing 602 U.S. 821 (2024)). The Court disagrees. In *Erlinger*, the Supreme Court held that for Armed Career Criminal Act ("ACCA") purposes, a defendant is entitled to a jury determination as to whether her past offenses were committed on separate occasions. *Erlinger*, 602 U.S. at 835. The Supreme Court further noted that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Id.* at 834 (internal quotation marks and bracketing omitted). But here, the Court's dangerous finding does not involve the ACCA. Moreover, a finding that Defendant is dangerous does not increase her prescribed range of penalties. Thus, the circumstances here are readily distinguishable from those at issue in *Erlinger*. And finally, the Sixth Circuit approvingly cited *Almendarez-Torres* in its *Williams* decision, which was decided after *Erlinger*. As noted above, the *Williams* decision is binding on this Court. For these reasons, Defendant's first argument in support of her as-applied challenge is **rejected**.

Defendant next notes that she was granted pretrial release upon execution of an appearance bond. (Doc. # 24 at 4; *see also* Docs. # 15-17). Although she is not clear on this point, Defendant appears to argue that her pretrial release counsels against a finding that she is dangerous. (*See* Doc. # 24 at 4-5). In support, Defendant claims that the

Sixth Circuit in *Williams* "reference[d] pretrial detention as an example of a court determining whether a person is dangerous." (*Id.* at 4). But the Sixth Circuit merely noted that in addition to addressing § 922(g)(1) challenges, district courts "already determine whether a given defendant is dangerous in multiple situations," including "whether to release a defendant before trial[.]" *Williams*, 113 F.4th at 657 (citing 18 U.S.C. § 3142). The court did not equate whether a defendant is entitled to pretrial release with whether the defendant may be disarmed under the Second Amendment. And as discussed above, Defendant's prior Ohio conviction for felonious assault shows that she is dangerous under *Williams*. For these reasons, Defendant's second argument in support of her as-applied challenge is **rejected**.

Finally, Defendant argues that the Indictment failed to state an offense because it "did not include the specifics of [her] prior felony and whether it was dangerous." (*Id.* at 5). This argument also lacks merit. As the Sixth Circuit has noted, "the specific name or nature of a defendant's prior felony conviction isn't an element of § 922(g)(1)." *Williams*, 113 F.4th at 662 (quoting *Old Chief v. United States*, 519 U.S. 172, 186 (1997)) (internal quotation marks omitted). Moreover, dangerousness is not listed "as an element to be convicted under the statute*." United States v. Harris*, No. 5:22-cr-00028-KKC-EBA-1, 2024 WL 4810389, at *5 (E.D. Ky. Oct. 9, 2024), *report and recommendation adopted* 2024 WL 4805340 (E.D. Ky. Nov. 15, 2024). Instead, the elements of a § 922(g)(1) offense are that the defendant "(1) had a prior felony conviction, (2) knew it, and (3) knowingly possessed a firearm or ammunition that (4) travelled in interstate commerce." *United States v. Sears*, No. 22-3105, 2023 WL 395024, at *3 (6th Cir. Jan. 25, 2023) (citing *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020)). The Indictment alleges

each of these elements.  (Doc. # 1).  For these reasons, Defendant's third and final argument in support of her as-applied challenge is **rejected**.

Having determined that each of Plaintiff's as-applied arguments lack merit, the Court therefore concludes that Defendant's as-applied challenge to her § 922(g)(1) charge also lacks merit and is **rejected**.

## III.    CONCLUSION

Based on the arguments presented and the authority cited, the Court concludes that § 922(g)(1) is not unconstitutional either facially or as applied to Defendant. Accordingly,

**IT IS ORDERED** that Defendant Cora Harris's Motion to Dismiss the Indictment (Doc. # 24) is **DENIED**.

This 12th day of December, 2024.



Signed By:
*David L. Bunning*
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2024\24-45 Order Denying MTD.docx